UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

ROBERT H. BORK,

           Plaintiff,

    v.

THE YALE CLUB OF NEW YORK CITY,

           Defendant.

---------------------------------x

JUDGE BUCHWALD

07 CIV 4826

07-CV-_____

COMPLAINT

JURY TRIAL DEMANDED

RECEIVED
JUN 0 6 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Robert H. Bork ("Mr. Bork"), through his undersigned attorneys, alleges upon personal knowledge as to Plaintiff, and upon information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1.    This is a personal injury action brought against Defendant Yale Club of New York City (the "Yale Club") for its negligent and grossly negligent failure to maintain reasonably safe facilities.

### PARTIES

2.    Plaintiff Robert H. Bork is a resident and citizen of Virginia. He was injured while visiting the Yale Club in New York, New York, to give a speech at an event there on June 6, 2006.

3.    Defendant Yale Club of New York City is a private club with its principal place of business at 50 Vanderbilt Avenue, New York, New York 10017. The Yale Club offers guestrooms, restaurants, athletic, banquet and meeting facilities for its members and their guests.

## VENUE AND JURISDICTION

4. This Court has subject matter jurisdiction over this action based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a).

## FACTUAL ALLEGATIONS

6. On the evening of June 6, 2006, the New Criterion magazine held an event (the "New Criterion event") at the Yale Club. The New Criterion invited Mr. Bork, among other guests, to deliver remarks at the event.

7. The New Criterion hosted the event in a banquet room at the Yale Club. As the host of the event, the Yale Club provided tables and chairs where guests could sit during the reception and the evening's speeches. At the front of the room, the Yale Club provided a dais, atop which stood a lectern for speakers to address the audience.

8. Because of the height of this dais, the Yale Club's normal practice is to provide a set of stairs between the floor and the dais. At the New Criterion event, however, the Yale Club failed to provide any steps between the floor and the dais. Nor did the Yale Club provide a handrail or any other reasonable support feature to assist guests attempting to climb the dais.

9. When it was his turn to deliver remarks to the audience, Mr. Bork approached the dais. Because of the unreasonable height of the dais, without stairs or a handrail, Mr. Bork fell backwards as he attempted to mount the dais, striking his left leg on the side of the dais and striking his head on a heat register.

10. As a result of the fall, a large hematoma formed on Mr. Bork's lower left leg, which later burst. The injury required surgery, extended medical treatment, and months of physical therapy.

11. Mr. Bork suffered excruciating pain as a result of this injury and was largely immobile during the months in which he received physical therapy, preventing him from working his typical schedule before the injury. The months of relative inactivity weakened Mr. Bork's legs so that he still requires a cane for stability. In addition, Mr. Bork continues to have a limp as a result of this injury.

### **FIRST CAUSE OF ACTION**
**[Negligence]**

12. The allegations set forth in paragraphs 1 through 11 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

13. The Yale Club had a duty to provide reasonably safe facilities in its reception and meeting rooms, including providing a safe dais of reasonable height and with stairs between the floor and the dais and a supporting handrail.

14. At the New Criterion event, the Yale Club breached its duty to provide reasonably safe facilities by failing to provide a safe dais and stairs between the floor and the dais, a supporting handrail, or any other reasonable support feature to protect its guests attempting to mount that dais.

15. It was reasonably foreseeable that, by failing to provide a safe dais and stairs between the floor and the dais, a supporting handrail, or any other reasonable support feature, a guest such as Mr. Bork attending the New Criterion event would be injured while attempting to mount the dais.

16. The Yale Club's negligent failure to provide reasonably safe facilities, and in particular, its failure to provide a safe dais and stairs between the floor and the dais, a supporting handrail, or any other reasonable support feature to protect its guests attempting to mount the

dais, caused Mr. Bork to fall while attempting to mount the dais and caused his extensive and continuing injuries.

17. As a result of the Yale Club's negligence in failing to provide reasonably safe facilities, Mr. Bork has suffered actual damages. These damages include pain and suffering, a continuing leg injury, medical bills and related costs of treatment, and lost work time and income. The long-term effects of his injuries continue to manifest themselves.

## SECOND CAUSE OF ACTION
### [Gross Negligence]

18. The allegations set forth in paragraphs 1 through 11 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

19. The Yale Club had a duty to provide reasonably safe facilities in its reception and meeting rooms, including providing a safe dais of reasonable height and with stairs between the floor and the dais and a supporting handrail.

20. The Yale Club breached its duty to provide reasonably safe facilities by wantonly, willfully, and recklessly failing to provide a safe dais and stairs between the floor and the dais, a supporting handrail, or any other reasonable support feature to protect its guests attempting to mount that dais.

21. It was reasonably foreseeable that, by failing to provide a safe dais and stairs between the floor and the dais, a supporting handrail, or any other reasonable support feature, a guest such as Mr. Bork attending the New Criterion event would be injured while attempting to mount the dais.

22. The Yale Club's wanton, willful and reckless disregard for the safety of its guests, and in particular, its failure to provide a safe dais and stairs between the floor and the dais, a supporting handrail, or any other reasonable support feature to protect its guests attempting to

4

mount the dais, caused Mr. Bork to fall while attempting to mount the dais and caused his extensive and continuing injuries.

23.   As a result of the Yale Club's gross negligence and wanton, willful and reckless disregard for the safety of its guests, Mr. Bork has suffered actual damages. These damages include pain and suffering, a continuing leg injury, medical bills and related costs of treatment, and lost work time and income. The long-term effects of his injuries continue to manifest themselves.

24.   Because the Yale Club's gross negligence was wanton, willful and in reckless disregard for the safety of its guests, punitive damages should also be awarded against it in an amount to be determined at trial.

## JURY DEMAND

25.   Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief against Defendant:

A. Awarding actual damages resulting from Defendant's wrongdoing in excess of $1,000,000.

B. Punitive damages in an amount to be proven at trial;

C. Pre- and post-judgment costs, interest and attorney's fees;

  D. Such other and further relief as this Court may deem appropriate and equitable.

DATED: New York, New York
    June 6, 2007

            GIBSON, DUNN & CRUTCHER LLP

          By: _____
            Randy M. Mastro (RM-9492)
            Brian M. Lutz (BL-3957)

            200 Park Avenue
            New York, New York 10166
            (212) 351-4000

            Attorneys for Plaintiff Robert H. Bork

100215224_5.DOC